UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

KAMILLE F. TURRENTINE,

Plaintiff

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

Case No. 2:14-cv-7907-GJS

**MEMORANDUM OPINION AND ORDER**

## INTRODUCTION

Turrentine, proceeding *pro se*, raises one narrow issue in this social security benefits case:  Did the administrative law judge err by concluding that she did not suffer from a listed impairment?  Because the answer is "no," the Court affirms the Commissioner's determination that Turrentine is not disabled.

## PROCEDURAL HISTORY

On April 12, 2011, Turrentine applied for supplemental security income benefits, alleging that she had been disabled since June 1, 2007.  [Admin Rec. ("AR") 256.] Her claims were initially denied on April 23, 2010 [AR 132] and August 25, 2011 [AR 136], and then denied again upon a request for reconsideration on February 16, 2012 [AR 142]. Upon request, hearings were conducted by an ALJ on April 10 and August 29, 2013.  [AR 27, 76.]   The ALJ issued an opinion finding Turrentine not

1   disabled on October 21, 2013, which Turrentine appealed to the Appeals Council.

2   [AR 8, 10.]  The Appeals Council denied review on August 8, 2014.  [AR 5.]

3

4                  **ADMINISTRATIVE DECISION UNDER REVIEW**

5         Applying the five-step sequential evaluation process, the ALJ found that

6   Turrentine was not disabled.  *See* 20 C.F.R. §§ 404.1520(b)-(g)(1), 416.920(b)-

7   (g)(1).[1]  Because only Step Three is at issue here, the Court only summarizes the

8   findings relating to the ALJ's determination on Step Three.

9         At Step Two, the ALJ concluded that Turrentine suffered from the following

10  severe impairments: "asthma, mild scoliosis, major depressive disorder, anxiety

11  disorder, not otherwise specified, and marijuana abuse."  [AR 15.]

12        Speaking generally, the ALJ concluded that none of "the impairments,

13  considered singly and in combination, … meet or medically equal the criteria of any

14  medical listing" because "[n]o treating or examining physician has recorded findings

15  equivalent in severity to the criteria of any listed impairment, nor does the evidence

16  show medical findings that are the same or equivalent to those of any listed

17  impairment."  [*Id.*]

18        As to the mental impairments, the ALJ considered whether the "paragraph B" or

19  "paragraph C" criteria were satisfied.  The ALJ found that Turrentine's mental

20  _____

21

22  [1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry.
    20 C.F.R. §§ 404.1520, 416.920.  The steps are as follows:  (1) Is the claimant
23  presently engaged in substantial gainful activity?  If so, the claimant is found not
    disabled.  If not, proceed to step two; (2) Is the claimant's impairment severe?  If
24  not, the claimant is found not disabled.  If so, proceed to step three; (3) Does the
    claimant's impairment meet or equal the requirements of any impairment listed at 20
25  C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings")?  If so, the claimant is
    found disabled.  If not, proceed to step four; (4) Is the claimant capable of
26  performing his past work?  If so, the claimant is found not disabled.  If not, proceed
    to step five; (5) Is the claimant able to do any other work?  If not, the claimant is
27  found disabled.  If so, the claimant is found not disabled.  20 C.F.R. §§ 404.1520(b)-
    (g)(1) & 416.920(b)-(g)(1).
28

                                            2

impairments caused here "mild restriction of activities of daily living, moderate difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and one to two episodes of decompensation of extended duration."  [AR 16.]  Because these findings do not amount to either two "marked" limitations, or one "marked" limitation and "repeated" episodes of decompensation of extended duration, the ALJ concluded that the paragraph B criteria were not satisfied.  Similarly, the ALJ found the paragraph C criteria of Listings 12.03 and 12.06 because Turrentine was able to function independently outside of her home, and she did not suffer from repeated episodes of decompensation of extended duration, a residual disease where increasing mental demands would cause further decompensation, or a history of instability outside a living arrangement designed to prevent decompensation.  [*Id.*]

## DISCUSSION

### I.     Standard of Review

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### II.    The ALJ Correctly Concluded That Turrentine Did Not Qualify for Disability Based on a Listed Impairment.

The sole articulated basis for Turrentine's claim that the ALJ erred at Step Three is that the ALJ concluded at Step Two that Turrentine suffered from certain severe impairments.  Turrentine's understanding of the five-step process is mistaken.  A

3

1    finding of a severe impairment is certainly a necessary condition to a finding of

2    disability, but it is by no means sufficient.  Despite the name, the standard for a

3    medical condition constituting a severe impairment is quite low: it is "a de minimis

4    screening device [used] to dispose of groundless claims.'" *Webb v. Barnhart*, 433

5    F.3d 683, 687 (9th Cir. 2005) (internal quotation marks and citations omitted).

6    Indeed, "[a]n impairment or combination of impairments may be found 'not severe

7    *only if* the evidence establishes a slight abnormality that has no more than a minimal

8    effect on an individual's ability to work.'"  *Id.* at 686 (quoting *Smolen v. Chater*, 80

9    F.3d 1273, 1290 (9th Cir. 1996)).  By contrast, "[l]isted impairments are

10   purposefully set at a high level of severity because the listings were designed to

11   operate as a presumption of disability that makes further inquiry unnecessary."

12   *Kennedy v. Colvin*, 738 F.3d 1172, 1176 (9th Cir. 2013) (quoting *Sullivan v. Zebley*,

13   493 U.S. 521, 531 (1990)) (internal quotation marks omitted)).  It makes sense for

14   Step Three to be more demanding than Step Two: "When a claimant meets or equals

15   a listing, 'he is presumed unable to work and is awarded benefits without a

16   determination whether he actually can perform his own prior work or other work.'

17   Listed impairments set such strict standards because they automatically end the five-

18   step inquiry, before residual functional capacity is even considered.  *Id.*  Thus,

19   Turrentine's sole basis for reversal is unfounded.

20        Even if the claim were construed to be a substantive challenge to the ALJ's Step

21   3 determination, it would still fail. Turrentine identifies no specific error in the

22   ALJ's opinion.  Nor does she identify a specific listing she believes she qualifies for.

23   *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005) (internal quotation marks

24   omitted) (explaining that plaintiff bears "the burden of proving that she has an

25   impairment listed in Appendix 1 of the Commissioner's regulations").

26   Consequently, her claim could be rejected as entire conclusory.   In any event, the

27   ALJ's opinion that Turrentine did not qualify for Listings 1.04, 3.00, 12.04, 12.06,

28   and 12.09 is well reasoned and supported by a lack of medical evidence indicating

                                            4

1  that any of Turrentine's severe impairments, individually or in combination with one
2  another, rise to the level of a listed impairment.

3                                   **CONCLUSION**

4      For the foregoing reasons, **IT IS ORDERED** that Judgment be entered in favor
5  of the Commissioner.

6

7      **IT IS HEREBY ORDERED.**

8

9      DATED: September 18, 2015        _____
10                                       GAIL J. STANDISH
                                         UNITED STATES MAGISTRATE JUDGE
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28